**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : |
| LAWRENCE M. OTTER | :      Ch. 7 |
| | : |
|     Debtor, | :      Case No. 20-14484-elf |
| | : |
| THE REPUBLICAN NATIONAL COMMITTEE, | : |
| | : |
|     Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| LAWRENCE M. OTTER, | : |
| | : |
|     Defendant | : |

**COMPLAINT**

1.      Republican National Committee ("RNC") is Defendant's creditor. RNC was awarded sanctions and legal fees against Defendant in a frivolous action counseled by Defendant.  RNC seeks a ruling in the instant matter declaring that the sanctions awarded to RNC as a result of Defendant's frivolous litigation and Defendant's later failures to respond to discovery in aid of execution are not dischargeable pursuant to 11 U.S.C. § 523 (a)(6).

## PARTIES

2.      RNC has an office located at 310 First St. S.W., Washington, D.C.

20003.

3.      Lawrence M. Otter ("Otter") is an attorney with an office located at

422 Belmont Avenue Doylestown, Pa 18901.

## JURISDICTION AND VENUE

4.      This Court, before which the above-captioned chapter 7 case is

pending, has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a)

and 1334.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

6.      This matter involves the illegitimate attempt by Peter J. Wirs and the

59th Ward Executive Committee (collectively "Wirs"), both represented before the

trial court by Otter, to confirm and enforce, in Pennsylvania's trial and appellate

courts, an invalid arbitration award against RNC for an amount purported to be in

excess of $20 million dollars.

7.      Prior to any hearing before the trial court, by NOTICE AND

DEMAND PURSUANT TO Pa. R.C.P. 1023. ET SEQ dated October 1, 2014,

counsel for RNC notified Otter, as counsel for the 59th Ward, that the Petition to

Confirm Arbitration Award lacked foundation, should be withdrawn, and further

that failure to withdraw the inaccurate, improper and fraudulent designations of the

RNC as a qualified beneficiary would result in an application for sanctions under Pa.R.C.P. Rule 1023.1 et seq.

8.      No changes were made by Otter to his improper pleading, nor was the pleading withdrawn.  Otter proceeded to take the case through litigation as detailed below.

9.      On February 2, 2015, the trial court held that Wirs' non-judicial arbitration, conducted without notice to RNC and with Wirs acting as the sole arbitrator, failed to establish personal jurisdiction over RNC.

10.      The trial court further determined that the non-judicial arbitration was marred with misconduct, self-dealing and other irregularities, which resulted in an "unjust, inequitable and unconscionable arbitration award."   The trial court concluded that Wirs' arbitration award was a nullity and dismissed the underlying petition with prejudice.  *See* Trial Ct. Decree Mem., 2/2/2015 attached as Exhibit A.

11.      On February 29, 2016, the Superior Court of Pennsylvania affirmed the trial court's opinion, adding that Wirs' contention that the trial court was bound to confirm his fake arbitration award pursuant to 42 Pa.C.S. § 7342(b) was meritless because the award was never enforceable due to Wirs' lack of personal jurisdiction over RNC. *See* Super. Ct. Opinion, 2/29/2016 attached as Exhibit B.

12.     On June 1, 2016, RNC filed an application to the Superior Court for attorney's fees and costs pursuant to Pa.R.A.P. 2744.

13.     On June 8, 2016, the Superior Court entered a *per curiam* order finding that Wirs' appeal had been frivolous and that his conduct was dilatory, obdurate and vexatious.  The Court remanded to the trial court for calculation of reasonable fees "to deter Wirs from filing frivolous appeals in the future." *See* Super. Ct. Order, 6/8/2016 attached as Exhibit C. [1]

14.     On August 5, 2016, under the applicable statutes, including 42 Pa.C.S.A. §2503(7), Pa.R.C.P. 1023.1 et seq., and Pa.R.A.P. No 2744, and applicable case law, RNC filed with the trial court its Petition for Allowance, Calculation, and Assessment of Attorney's Fees and Costs.  RNC sought fees against both Otter, for the trial court proceedings which he counseled and conducted, and against Wirs, for both the trial court proceeding in which he participated and for the appellate proceedings which he handled personally.

15.     The trial court held an on-the-record conference to address RNC's Petition for Attorney's Fees on October 13, 2016.

16.     Both Wirs and Otter failed to attend the conference; nevertheless, by Order dated October 28, 2016, the trial court allowed both an additional ten days to respond to RNC's request for fees.  Neither responded.

---

[1] The Superior Court's Order dated June 8, 2016 was amended and supplemented in an Order dated July 22, 2016 attached as Exhibit D.

17.     On March 6, 2017, the trial court issued a decree, pursuant to the remand of the Superior Court, awarding RNC counsel fees for Wirs' frivolous appeal in the amount of $35,000 against Wirs.

18.     The trial court issued a second decree on the same date awarding RNC fees against both Wirs and Otter for the trial phase in the amount of $29,312.10, noting that the Superior Court found Otter's conduct in representing Wirs to be "obdurate, dilatory and vexatious." *See* Orphan's Ct. Opinion, 12/1/2017 at 2 attached as Exhibit E.

19.     Otter filed a motion for reconsideration on March 28, 2017.

20.     On May 23, 2017, the trial court denied reconsideration to Otter, which Otter then appealed to the Superior Court.

21.     On October 3, 2018, the Superior Court affirmed the trial court's award and dismissed Otter's appeal.

22.     Otter remained obdurate during RNC's attempts to collect its award, ultimately resulting in an additional $1,000 in attorneys' fees awarded against Otter as sanctions for his failure to comply with the trial court's November 7, 2018 discovery order.

23.     Otter has failed to make a single payment against any of the sanctions fee awards and now seeks to avoid his obligations entirely by filing the subject bankruptcy petition.

## COUNT I

**Declaration of Non-Dischargability Pursuant to 11 U.S.C. § 523(a)(6)**

24.    Plaintiff incorporates by reference all previous paragraphs.

25.    Otter's conduct was willful and malicious.

26.    Otter's conduct caused injury to RNC because it caused RNC to incur attorneys' fees responding to Otter's improper, obdurate, dilatory and vexatious pleadings.

27.    The sanctions awards imposed on Otter were intended to compensate RNC for Otter's willful and malicious conduct.

28.    Pursuant to 11 U.S.C. § 523(a)(6), Otter's debt is not dischargeable due to his willful and malicious injury to RNC.

**[Remainder of this Page Intentionally Left Blank]**

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court will declare Otter's debt to RNC

not dischargeable and grant other relief as the Court deems just and appropriate.


Respectfully submitted

GOLDSTEIN LAW PARTNERS, LLC


/s/ _____

Jonathan S. Goldstein (I.D. 201627)
Shawn M. Rodgers (I.D. 307598)
Britain R. Henry (I.D. 314279)
11 Church Road
Hatfield, PA 19440
Phone: 610.949.0444
Fax: 610.296.7730
srodgers@goldsteinlp.com


*Counsel for The Republican National
Committee*


Dated: January 29, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, I electronically filed the foregoing Complaint with the Clerk of the Court for the Bankruptcy Court of United States District Court for the Eastern District of Pennsylvania using the CM/ECF system. Counsel of record for all parties are registered CM/ECF users and will be served by the District Court's CM/ECF system.


/s/
Shawn M. Rodgers (I.D. 307598)

*Attorneys for The Republican National Committee*


Date: January 29, 2021